John M. Aufiero, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 100035.   Promulgated February 28, 1941.

*C. Leo De Orsey, Esq.,* and *Maurice Friedman, Esq.,* for the petitioner.

*James C. Maddox, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The petitioner contends that he created a trust fund in 1926 for the purpose of erecting a school building for the benefit of the youth of Sturno, Italy, and that gifts made by him to that fund in 1934 and 1935 are deductible from his gross income under the provisions of section 23 (o) (2) of the Revenue Act of 1934.[1]

Respondent denies that any such trust was established and contends that the relationship existing between the petitioner and Ciampo (succeeded by Grella) was one of agency.

Addressing ourselves to the difference between a trust and an agency, in Scott on Trusts, vol. I, sec. 8, p. 62, we find the following comments:

§ 8. *Trust and agency.*—Although an agent is in a fiduciary relation to his principal, as a trustee is to the beneficiaries of the trust, the two relationships have a different history and different consequences flow from them. * * *

* * * An agent acts for and in behalf of his principal and subject to his control; a trustee as such is not subject to the control of his beneficiary, although he is under a duty to deal with the trust property for his benefit in accordance with the terms of the trust and can be compelled by the beneficiary to perform this duty. The agent owes a duty of obedience to his principal; a trustee is under a duty to conform to the terms of the trust. An agent as such does not have title to the property of the principal, although he may be entrusted with possession and although he may have power to pass title; a trustee has title to the trust property.

\*       \*       \*       \*       \*       \*       \*

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*       \*       \*       \*       \*       \*       \*

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

\*       \*       \*       \*       \*       \*       \*

(2) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.

The agency relation may be terminated at the will of the principal or of the agent, and in any event ends on the death of either, although there are situations in which there is what is loosely called "a power coupled with an interest," where the relation involves more than mere agency, where it does not so terminate. On the other hand the trust relation cannot ordinarily be terminated at the will of the settlor or of the beneficiary or of the trustee, and does not end on the death of any of these persons, unless it is so provided by the terms of the trust.

\* \* \* \* \* \* \*

Whether a relationship of trust or agency is created depends upon the intention of the parties. The mere fact that a person describes himself as agent does not necessarily mean that an agency rather than a trust is created. \* \* \*

\* \* \* \* \* \* \*

A person may be both agent and trustee for another. If he undertakes to act on behalf of the other and subject to his control he is an agent; but if he is vested with the title to property which he holds for his principal, he is also a trustee. In such a case, however, it is the agency relation which predominates, and the principles of agency, rather than the principles of trusts, are applicable. \* \* \*

Various other distinctions, not pertinent here, are noted. See also Restatement of the Law of Trusts, vol. I, sec. 8, p. 28; the Law of Trusts and Trustees by Bogert, vol. I, sec. 15, p. 45.

Applying the principles so set forth to the facts of record, we entertain no doubt that the relationship between petitioner and Ciampo for the erection of the school building was one of agency and that no trust, within the meaning of the statute, was created or existed for the purposes described in section 23 (o) (2).

Throughout the entire record of the case, including the testimony of the petitioner and others, the correspondence, contracts, conveyances and cablegrams, there is nothing which leads us to conclude that a trust or trust fund was established; that a trust was to be administered according to specific terms; or that the public and private officials with whom Ciampo dealt were aware at any time that the operation was being carried on by a trust. On the contrary, the personal participation of the petitioner was emphasized at every point. It is true that, on occasion, Ciampo was referred to by the petitioner as "trustee" but obviously that word was used in the general sense of a "fiduciary" or one who occupies a confidential relationship to another and not in the technical sense in which the petitioner now asks us to construe it.

Many relationships, such as bailment, guardianship, executorship, and agency, are alike in that they involve an element of faith, confidence, and "trust", but the legal significance of the terms varies with the underlying facts and circumstances of each case. So here, the petitioner apparently considered Ciampo his trustee in a broad sense

of reposing confidence in his integrity but with no intention to create the legal relationship which must support his claim for deduction.

The petitioner's intentions must be determined by his actions. From the time of his first discussion of his proposed donation with Ciampo and others, until the final transfer of the property in October 1937, his dealings with Ciampo (later Grella) were on the basis of agency. The petitioner retained entire control of the project. The title to the land, the plans and drawings of the building, the contract for its erection, the transmission and deposit of funds, the method and time of making payments for construction, and the final transfer of title and possession to the town of Sturno were all under the petitioner's domination and were neither controlled nor influenced in any way by Ciampo. Ciampo had only to carry out his principal's instructions, precisely given and duly supported by power of attorney.

Deductions are a matter of legislative grace. Not every charitable gift is deductible. The statutory requisites must be satisfied. The Board has no power to read into the record an intent or purpose to create a trust when the fundamental characteristics of such a relationship are not to be found. We have no doubt of the petitioner's intention to donate the building to the town of Sturno. The actual gift was made in 1937. The record shows that the petitioner, through Ciampo, bought the land in 1929; that he retained ownership, possession, and control of it until 1937. At no time did Ciampo have either title to or control over it. The funds to pay for the construction of the building were deposited in the bank and retained in the petitioner's name until they were needed for disbursement to the contractor and for other costs. In this situation we are of the opinion that petitioner has not brought himself within the statute.

The respondent also argues that the trust relationship, if any, was created in Italy and that the Italian laws governing it have not been proved; that a gift to a town is not a gift to a corporation organized and operated exclusively for religious, charitable, scientific or educational purposes and that, at the most, until 1937 the school building was to be donated at some time in the future. We need not consider the merits of these arguments, since the record itself does not warrant our finding that a trust, as contended by the petitioner, was actually created.

*Decision will be entered for the respondent.*