PETER J. PRYOR AND BARBARA J. PRYOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pryor v. Commissioner
Docket No. 13177-84.
United States Tax Court
T.C. Memo 1985-489; 1985 Tax Ct. Memo LEXIS 138; 50 T.C.M. (CCH) 1093; T.C.M. (RIA) 85489; September 19, 1985. Peter and Barbara Pryor, pro se. Cynthia J. Olson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency and an addition to tax as to petitioners' 1980 joint Federal income tax as follows: Addition to tax
Deficiency
Sec. 6653(a) [1]
$4,327.00
$216.00
The issues for decision are (1) whether petitioners are entitled to a charitable deduction under section 170(a) for a contribution purportedly made to petitioners' local congregation of the Universal *140 Life Church, Inc. ("the ULC, Inc."); (2) whether petitioners are liable for an addition to tax for negligence under section 6653(a); and (3) whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Denver, Colorado when they filed their petition in this case. Petitioner Peter J. Pryor ("Mr. Pryor"), is a graduate of Tennessee A and I State University. Mr. Pryor was employed during the year in issue by the United States Department of Interior. Petitioner Barbara J. Pryor ("Mrs. Pryor") was employed during the year in issue by Tri-State Generation and Transmission Association, Inc. Petitioners reported joint income from their respective employment in the amount of $38,633.36 for the year in issue. Petitioners formed a local congregation of the ULC, Inc., in Aurora, Colorado during December of 1980. The international headquarters of the ULC, Inc., in Modesto, California identified petitioners' local congregation by the assigned charter #41651. Mr. Pryor, *141 however testified that he did not actually receive a charter from the international headquarters of the ULC Inc. in Modesto, California. On December 27, 1980, petitioners opened savings account #82181280 in the name of the ULC, Inc. at the World Savings and Loan Association ("World Bank"). Mr. Pryor, Mrs. Pryor, and their daughter Nadine J. Pryor had signatory control of the account in their respective capacities as Pastor, Secretary, and Treasurer of the local Congregation. The account agreement provided that withdrawals of funds required writings bearing two of the above authorized signatures. Petitioners deposited an opening balance to their local congregation account at World Bank in the amount of $17,200 on December 27, 1980. Petitioners had transferred these funds from their personal account #82098211 which was also maintained at World Bank. Petitioners deducted as a charitable contribution designated as paid to the ULC, Inc. in the amount of $17,200 on their joint Federal income tax return for the year 1980. Respondent in the notice of deficiency disallowed the deduction. Petitioners did not withdraw any funds from the ULC, Inc. at World Bank during 1980. Petitioners *142 withdraw the amount of $26 from the ULC, Inc. account in January of 1981. The withdrawal was purported to be a payment to the international headquarters of the ULC, Inc. in Modesto, California for bookkeeping services provided to petitioners' local congregation. Petitioners effectuated no other withdrawals from the ULC, Inc. account at World Bank until 1983 when petitioners claim to have transferred the account balance to the international headquarters of the ULC, Inc. in Modesto, California. The record, however, contains no affirmative evidence as to the ultimate disposition of their ULC, Inc. account at World Bank. OPINION The present case is indistinguishable from the plethora of decisions from this Court concerning the mail-order establishment of local congregations of the ULC, Inc. Davis v. Commissioner,81 T.C. 806 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). [2]
*143 Charitable Contribution
The first issue is whether petitioners are entitled to deduct the amount of $17,200 designated as a charitable deduction to the ULC, Inc. on their 1980 joint Federal income tax return. Section 170(c) allows a deduction for charitable contributions where the taxpayer establishes each of the following: (1) that the contributions were actually made; (2) that they were made to a qualified, tax-exempt organization; and (3) that no part of the net earnings of such organization inured to the taxpayer's personal benefit. Davis v. Commissioner,supra;Miedaner v. Commissioner,81 T.C. 272 (1983). The burden of proof is upon petitioners to establish the entitlement to a deduction under section 170 as such deductions are matter of legislative grace. Deputy v. duPont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners have failed to satisfy their burden of proof as to each of the above requirements of section 170. Section 170(a) requires that a charitable contribution actually be *144 made within the taxable year for which a deduction is sought. It is well settled that where a taxpayer retains dominion and control as to the future disposition of purportedly contributed property, no charitable contribution has been made. Aufiero v. Commissioner,43 B.T.A. 753 (1941); Davis v. Commissioner,supra.
The ULC, Inc. account at World Bank required writings of two authorized individuals to effectuate withdrawals. Mr. Pryor, Mrs. Pryor and their daughter Nadine J. Pryor were named as authorized persons in their respective capacities as Pastor, Secretary, and Treasurer of petitioners' local congregation. The record contains no evidence to support a contention that a fiduciary relationship between petitioners and the ULC, Inc. of Modesto, California existed. Petitioners' in their joint capacities as Pastor, and Secretary of their local congregation could effectuate withdrawals from the ULC, Inc. account of World Bank for any purpose. Petitioners have failed to demonstrate that a contribution or gift was actually made because they retained complete dominion and control of the funds which they deposited in the name of the ULC, Inc. *145 at World Bank. Petitioners have also failed to establish that the alleged contributions were made to a qualified tax exempt organization. The ULC, Inc. of Modesto, California had tax exempt status during 1980. [3] However, this Court has held repeatedly that such exemption was not a group exemption. Davis v. Commissioner,supra at 815.The record contains no evidence to support a contention that petitioners donated cash or property to the international headquarters of its ULC, Inc. in Modesto, California. Thus, petitioners must establish that their local congregation qualified as a tax exempt organization under section 501(c)(3) during the year in issue. An organization is tax exempt if it is organized and operated exclusively for exempt purposes. Section 170(c)(2)(B). The record does not contain any evidence that petitioners adopted articles of organization which specifically limit the activities of their local congregation to exempt purposes. *146 Therefore, petitioners' local congregation was not a tax exempt organization during the year in issue. Furthermore, an organization is not organized exclusively for exempt purposes unless its assets are dedicated to an exempt purpose. An organization's assets are considered dedicated to an exempt purpose if upon dissolution such assets would be required to be distributed for use in one or more exempt purposes. An organization does not meet the organizational test if its assets would upon dissolution be distributed to its members or shareholders. Section 1.501(c)(3)-1(b)(4), Income Tax Regs. Petitioner's account in the name of the ULC, Inc. at World Bank contained no restriction as to the disposition of funds upon dissolution. In fact, petitioners withdrew the funds from the account during 1983. The record does not contain affirmative evidence of Mr. Pryor's self-serving assertion that the account balance was sent to the international headquarters of the ULC, Inc. in Modesto, California. We, quite frankly, question the veracity of Mr. Pryor's statement and strongly suspect the account balance was distributed to petitioners for personal benefit. Petitioners also failed to satisfy *147 the operational test. Section 1.501(c)(3)-1(c), Income Tax Regs. An organization is not operated exclusively for exempt purposes if its net earnings inure in whole or in part to the benefit of private shareholders or individuals Section 1.501(c)(3)-1(c)(2). It is clear that the net earnings of the account at World Bank in the name of the ULC, Inc. inured to the benefit of petitioners because Mr. and Mrs. Pryor jointly maintained complete dominion and control as to the disposition of funds in the account, including dissolution. Petitioner's local congregation of the ULC, Inc. was not an exempt organization as such organizations must be both organized and operated exclusively for exempt purposes. Section 1.501(c)(3)-1(a)(1). Petitioners have not satisfied their burden of proof that the contributions were made to a qualified tax exempt organization. We have considered petitioner's other arguments and find them unpersuasive. Additions to Tax
Section 6653(a)(1) provides for an addition to tax of five percent of any underpayment which is due to negligence or intentional disregard of rules or regulations. Petitioners bear the burden of proving that their 1980 underpayment was *148 not due to negligence or intentional disregard of rules or regulations. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioners are intelligent individuals who should have known that the mail order congregations of the ULC, Inc. were not bona fide charitable organizations as defined in the Internal Revenue Code. Mr. Pryor is a college graduate and employee of the Department of Interior. Petitioners presented no credible evidence to establish that their 1980 underpayment was not due to negligence or intentional disregard of the rules or regulations. Accordingly, we sustain respondent's determination that petitioners are liable for the addition to tax for negligence under section 6653(a)(1). The final issue for decision is whether damages should be awarded to the United States pursuant to section 6673. That section provides, in part, that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its *149 decision." A review of the entire record herein convinces us that petitioners used the pretext of a church to avoid paying their fair share of taxes. Their brazen scheme having been uncovered by respondent, petitioners then resorted to this Court in a shameless attempt to vindicate themselves. Miedaner v. Commissioner,81 T.C. 272 (1983). Prior to trial, petitioners were advised that respondent intended to request that we award damages under section 6673, and they were provided with relevant cases demonstrating their lack of merit.Furthermore, petitioners' actions, manner, demeanor and testimony were evasive and directed at stonewalling respondent's and this Court's efforts to get at the truth. [4]
Petitioners have abused the process of this Court and wasted its resources and those of respondent. This Court has repeatedly applied the penalty provisions of section 6673 in similar cases. Davis v. Commissioner,supra;Miedaner v. Commissioner,supra.Petitioners were aware of these cases; yet they persisted in litigating their case. Recent decisions *150 of the Court of Appeals concerning similar arguments have sustained our award of damages under section 6673 and have characterized such appellate actions as frivolous thereby assessing additional damages under section 7482(c)(4); Fed. R. App. P. 38. Larsen v. Commissioner,765 F.2d 939 (9th Cir. 1985), affg. an order of dismissal of this Court. Kalgaard v. Commissioner,764 F.2d 1322 (9th Cir. 1985), affg. T.C. Memo. 1984-283. The damage provisions of sec. 6673 are not designed to frustrate any citizen who may resort to this Court in good faith and with a colorable claim; however, the Court's valuable resources are not to be expended on frivolous actions merely to provide a forum for disgruntled citizens to vent anger at a system which they deem unfair. Bell v. Commissioner, 85 T.C.     (Sept. 5, 1985). Therefore, we award damages to the United States under section 6673 in the amount of $3,000. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Eutsler v. Commissioner,T.C. Memo. 1985-438; Marinovich v. Commissioner,T.C. Memo. 1985-432; Conlow v. Commissioner,T.C. Memo. 1985-430; Layden v. Commissioner,T.C. Memo. 1985-372↩.
3. The Internal Revenue Service has revoked its determination that the ULC, Inc. of Modesto, California was a qualified organizations under section 170(c)(2). Announcement 84-90, 1984-36 I.R.B. 32↩.
4. Snodgrass v. Commissioner,T.C. Memo. 1984-435↩.