959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John ANDERSON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70258.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Anderson appeals pro se the tax court's dismissal for failure to prosecute of his petition for redetermination of deficiencies and additions to tax assessed by the Commissioner of Internal Revenue for the 1985 tax year. Anderson also appeals the tax court's imposition of a penalty against him under 26 U.S.C. § 6673 for instituting and maintaining a frivolous action. We have jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 * Tax Court Jurisdiction
 
 
 4
 Anderson contends that the special trial judge did not have authority to hear the case, and that the tax court lacked jurisdiction over the case because neither the Secretary of the Treasury or his delegate issued the notice of deficiency. These contentions lack merit.
 
 
 5
 The chief judge of the tax court may assign proceedings to a special trial judge for adjudication if the amount of deficiency in dispute does not exceed $10,000. 26 U.S.C. § 7443A(b) & (c). Thus, Special Trial Judge Galloway clearly had the authority to conduct the proceedings and make a decision concerning Anderson's petition.
 
 
 6
 A district director has the authority to issue notices of deficiency for unpaid taxes. See 26 U.S.C. §§ 6212, 7701(a)(11)(B), (12)(A); 26 C.F.R. § 301.6212-1. Here, the notice of deficiency was properly issued to Anderson by District Director Robert E. Wenzel. Thus, Anderson's challenge to the tax court's jurisdiction also fails.
 
 II
 Dismissal
 
 7
 We review the tax court's decision to dismiss a case for failure to prosecute for an abuse of discretion. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 8
 "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) properly prosecute, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b).
 
 
 9
 Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Tax Court Rule 149(b) provides that the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Additionally, Tax Court Rule 70(a) requires that "the parties attempt to attain the objectives or discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Ct.R. 70(a). Finally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985); Tax Ct.R. 91.
 
 
 10
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.
 
 
 11
 Here, Anderson presented no evidence to show that the CIR's determination was incorrect. He also refused to answer the tax court's questions regarding unreported income or his failure to file income tax returns. Furthermore, Anderson failed to comply with Rule 70(a) by filing interrogatories and attempting to initiate formal discovery procedures prior to consulting and communicating informally with the CIR. See Tax Ct.R. 70(a). Anderson also failed to comply with Tax Court Rule 91 by refusing to enter into a stipulation of facts. See Tax Ct.R. 91. Accordingly, we hold that the tax court did not abuse its discretion by dismissing Anderson's petition under Rule 123(b). See Edelson 829 F.2d at 831.
 
 III
 Tax Court Sanctions
 
 12
 Anderson contends that the tax court erred in imposing a $5,000 penalty pursuant to 26 U.S.C. § 6673 because the court was without jurisdiction to hear the case, and because he did not institute the action for delay and his position is not frivolous or groundless.
 
 
 13
 We review the tax court's imposition of sanctions pursuant to 26 U.S.C. § 6673 for an abuse of discretion. Larsen, 765 F.2d at 941.
 
 
 14
 "The Tax Court may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Id. (citing 26 U.S.C. § 6673). Section 6673 provides that the tax court may require the taxpayer to pay a penalty whenever it appears that proceedings have been instituted or maintained primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. 26 U.S.C. § 6673.
 
 
 15
 Here, the tax court found that Anderson "instituted and maintained this proceeding primarily for the purposes of delaying the reporting of his income and payment of his income tax liability for the year 1985 by his presentation of time-worn oft-rejected frivolous claims." Anderson was twice warned by the CIR that he could be liable for damages for maintaining a frivolous position before the tax court. Anderson nevertheless persisted in maintaining that the tax court lacked jurisdiction, that the notice of deficiency was invalid, and refused to stipulate to facts or present any evidence. Given these circumstances, the tax court did not abuse its discretion by imposing a $5,000 penalty on him. See id.
 
 IV
 Appellate Sanctions
 
 16
 The CIR requests $1,500 damages as a sanction against Anderson for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Anderson's claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3