974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony L. RUST, Petitioner,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent.
 No. 91-70580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony L. Rust appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("CIR") determination of tax deficiencies and additions to tax for tax years 1984 through 1987. The tax court also imposed damages against Rust pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm the tax court's decision and its imposition of damages. In addition, we impose sanctions of $1,000 against Rust pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 * Standard of Review
 
 
 4
 We review the tax court's determination of law de novo and its findings of fact for clear error. See Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986) (standard of review for a tax court decision is the same as review of a civil bench trial in district court). The tax court's imposition of sanctions pursuant to 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Id. at 1454.
 
 II
 Merits
 
 5
 Rust contends that the tax court lacked jurisdiction because there was no valid notice of deficiency, a prerequisite for tax court jurisdiction. See 26 U.S.C. § 6213(a). He argues that the notice was invalid because the CIR is not authorized to issue a notice of deficiency or assess penalties against a taxpayer "without evidence of an 'underpayment' or 'overstatement' on a tax return filed by the taxpayer." This argument is wholly frivolous. In Roat v. Commissioner, we specifically held that the CIR's notice of deficiency was valid, conferring jurisdiction upon the tax court, despite the taxpayer's failure to file a tax return. 847 F.2d 1397, 1381-82 (9th Cir.1988). Relying on section 6211(a) of the Internal Revenue Code ("Code"), 26 U.S.C. § 6211(a), and the Treasury Regulations promulgated under section 6211(a), we adopted the rule that if " 'a taxpayer files no return, the deficiency can be determined as if a return was made showing the amount of tax to be zero.' " Id. (quoting Hartman v. Commissioner, 65 T.C. 542, 546 (1975)). Accordingly, the tax court had jurisdiction and did not err in finding that the CIR's notice of deficiency and additions to tax were valid.
 
 
 6
 Moreover, the CIR's determinations of deficiencies and additions to tax are presumptively correct. Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). The taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.; Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). Here, Rust failed to meet his burden of proof with regard to the CIR's determination. He offered no evidence that the CIR's determination was incorrect. Accordingly, the tax court did not err by upholding the CIR's determination. See Baxter, 816 F.2d at 495.
 
 III
 Tax Court Sanctions
 
 7
 Under 26 U.S.C. § 6673, the tax court "may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam).
 
 
 8
 Here, the tax court found that Rust's claims were frivolous and awarded the CIR $5,000 in damages pursuant to section 6673 of the Code. Because we agree that Rust's contentions are frivolous, we find that the tax court did not abuse its discretion by imposing damages. See id.
 
 IV
 Appellate Sanctions
 
 9
 The CIR requests sanctions against Rust for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1989) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Rust's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3