974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John S. CARLSON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John S. Carlson appeals pro se the tax court's decision granting judgment on the pleadings in favor of the Commissioner of the Internal Revenue Service in Carlson's petition for redetermination of deficiencies for tax year 1988 and imposing sanctions. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and affirm the tax court's decision, as well as its imposition of sanctions. In addition, we award sanctions of $1,000 against Carlson pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 The tax court granted judgment on the pleadings in favor of the Commissioner pursuant to Tax Court Rule 120. Pursuant to Rule 34(b)(4) and (5) of the Tax Court Rules of Practice and Procedure, Carlson was required to give clear and concise assignments of each error allegedly committed by the Commissioner in its determination of Carlson's tax deficiency, and clear and concise statements of the facts upon which he based his assignments of error. 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4) & (5).
 
 
 4
 Carlson does not dispute that he earned wages during tax year 1988, nor does he allege any specific errors the Commissioner made in determining his tax deficiency. Rather, Carlson argued, before the tax court and on appeal, that he is not subject to federal income tax because he has "no provable ability or means to shift the tax payment burden of indirect taxation to someone else" and that his wages are not subject to income tax.[1] This argument is patently frivolous. Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States. 26 U.S.C. § 1; see United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens") (quotations omitted); Wilcox, 848 F.2d at 1008 & n. 3 (United States citizen's "wages are income ... [and] income may be taxed without apportionment under the Sixteenth Amendment"). Accordingly, the tax court correctly found that Carlson's petition for redetermination was frivolous and granted judgment on the pleadings in favor of the Commissioner. See Wilcox, 848 F.2d at 1008.
 
 
 5
 The tax court imposed $4,000 sanctions against Carlson pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. We review the tax court's imposition of sanctions for abuse of discretion. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). The tax court may impose sanctions of up to $25,000 on a taxpayer for bringing an action which is frivolous and groundless. Id. Here, we agree with the tax court that Carlson's petition was frivolous and find no abuse of discretion in the tax court's imposition of sanctions. See id.
 
 
 6
 The Commissioner requests sanctions against Carlson for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Carlson's claims are wholly without merit. Accordingly, we impose $1,000 damages as a sanction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carlson also contends that the tax court lacked jurisdiction over his action because, as a nontaxpayer, he brought his action "by special appearance" and because he had filed an action in federal district court regarding his 1988 tax liability. This contention lacks merit. The tax court had jurisdiction because Carlson timely filed his petition within 90 days of the notice of deficiency, see 26 U.S.C. § 6213, and Carlson offers no support for his contention that his "special appearance" limited the tax court's jurisdiction. Further, the district court dismissed Carlson's action for lack of subject matter jurisdiction. See Carlson v. United States Dep't of Treasury, No. C-90-152R (W.D.Wash. Jan. 18, 1991). Thus, the tax court, not the district court, had jurisdiction over Carlson's petition. See 26 U.S.C. § 6213(a); United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986) (taxpayers are limited in district court "to suits for refund")