35 F.3d 571
 74 A.F.T.R.2d 94-6188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kimi Virginia IKEDA, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70268.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1994.*
Decided Aug. 31, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On February 22, 1991, the Commissioner of the Internal Revenue Service ("Commissioner") issued a notice of deficiency to Kimi Virginia Ikeda ("Ikeda"), based on her failure to report income earned in 1988. The Commissioner assessed tax and penalties for failure to file a return, 26 U.S.C. Sec. 6651(a)(1), negligence or intentional disregard of rules or regulations, 26 U.S.C. Sec. 6653(a)(1), and failure to pay estimated taxes, 26 U.S.C. Sec. 6654(a). Ikeda timely petitioned the tax court for a redetermination of the liabilities assessed by the notice of deficiency. After the Commissioner answered and Ikeda filed several pre-trial motions, trial took place on April 10, 1992, at which time the trial judge invited the parties to file optional post-trial memoranda addressing legal questions Ikeda had attempted to raise at trial. Ikeda filed her "Post Trial Memorandum In Support of Legal Issues Raised At Trial" on May 11, 1992.
 
 
 3
 In a written opinion, the tax court upheld the Commissioner's assessment of tax deficiency and penalties. In addition, the court exercised its discretion under 26 U.S.C. Sec. 6673(a)(1) to impose sanctions for the assertion of "frivolous or groundless" arguments, finding that Ikeda's conduct in the tax court proceedings warranted an additional penalty of $10,000.
 
 
 4
 Ikeda appeals "the dispositive actions of the tax court as evidenced by the entire Transcript of Proceedings."[1] Appellant's Opening Brief at 3. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a)(1). In Part I below, we affirm the tax court's findings and conclusions with respect to the tax deficiency and additions. In Part II, we vacate and remand its imposition of the $10,000 penalty under Sec. 6673, for clarification of the conduct giving rise to the sanction.
 
 I.
 
 5
 We review de novo the tax court's rulings of law, Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir.1986), while reviewing for clear error the court's underlying factual findings, Baxter v. Commissioner, 816 F.2d 493, 496 (9th Cir.1987). Ikeda's extensive discussions of the Administrative Procedures Act ("APA"), 5 U.S.C. Secs. 551 et seq., are irrelevant, since review of Internal Revenue Service notices of deficiency is governed by the rules and procedures of the tax court, and not the provisions of the APA. 26 U.S.C. Secs. 6213(a), 6214, 7442.
 
 
 6
 Except in limited circumstances, the Commissioner's determinations in a notice of deficiency are presumed to be correct. See, e.g., Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). The determinations of income and tax in the notice of deficiency in the present case were not arbitrarily arrived at, Portillo v. Commissioner, 932 F.2d 1128 (5th Cir.1991), and the Commissioner offered evidence at trial, a Form 1099, which was corroborated by Ikeda's own testimony, "showing that the taxpayer received income from the charged activity." Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir.1979). Therefore, the Commissioner properly availed himself of the presumption of correctness and Ikeda bore the burden of proving by a preponderance of the evidence that the deficiency and additions to tax determined by the Commissioner were arbitrary or excessive. Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). Ikeda failed to meet that burden.
 
 
 7
 The notice of deficiency and attachments thereto admitted at trial show that Ikeda filed no tax return for taxable year 1988 and that she received $38,950 in income from Litigation Resources and Consulting ("LRC") in Van Nuys, California, as documented by a Form 1099 submitted by that firm. Ikeda admitted at trial that she earned income from work performed for LRC and that she was paid by check, although she claimed not to remember the amount of income and failed to produce any evidence that the income was reported and tax paid on it. Ikeda offered no evidence that she filed a return for that year, and her assertion of the Fifth Amendment privilege against self-incrimination when asked about the matter at trial cannot serve to discharge her burden of proof. United States v. Rylander, 460 U.S. 752, 758 (1983).
 
 
 8
 Upon review of the entire record, we find no evidence whatsoever that the Commissioner's notice of deficiency was arbitrary or excessive. The tax court also properly upheld the Commissioner's additions to tax for failure to file a required tax return, negligence or disregard of rules or regulations, and failure to pay estimated tax. We therefore affirm the tax court's findings as to the tax and additions owed by Ikeda.
 
 II.
 
 9
 The tax court judge also imposed a $10,000 penalty pursuant to 26 U.S.C. Sec. 6673(a)(1).[2] We review Sec. 6673 sanctions for abuse of discretion. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985). We are unable to determine from the tax court's opinion the exact conduct by Ikeda which gave rise to the imposition of sanctions. Because the tax court judge may have imposed the penalty for an improper reason, we vacate the penalty and remand for clarification.
 
 
 10
 Tax court judges have broad discretion to impose sanctions for frivolous or meritless arguments, or for conduct which causes unnecessary delay or waste of time. Ikeda's lengthy pre-trial motions and her arguments at trial repeatedly raised numerous frivolous arguments. At trial, the tax court judge explicitly warned Ikeda about the risk of incurring sanctions if she continued to press meritless legal arguments, but she did not heed the warnings. Further, and more disturbing, the record suggests that while Ikeda was testifying under oath, she was evasive and, at best, disingenuous in her responses to simple, direct questions posed to her by counsel for the Commissioner.
 
 
 11
 Ikeda appeared pro se in the tax court and, thus, her pleadings and arguments should have been and were accorded some latitude. Cf. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) ("We are sensitive to the obligation of the courts to provide access for petitioners seeking in good faith to avail themselves of the protection of the law, and ... are also aware that an appeal that lacks merit is not always frivolous."). Nonetheless, she was repeatedly warned that her arguments were meritless and exposed her to the risk of sanctions. See Wolf v. Commissioner, 4 F.3d 709, 716 (9th Cir.1993) ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673") (citing Larsen, 765 F.2d at 941). Particularly since the tax court judge, who observed Ikeda at trial, explicitly found her "to be a fairly intelligent individual," we ordinarily would hesitate to hold that the imposition of sanctions constituted an abuse of discretion.
 
 
 12
 One fact, however, prevents us from affirming the sanction in this case. Several times during the trial, in an apparent attempt to stop Ikeda from making legal arguments at trial, instead of presenting evidence, the tax court judge specifically told Ikeda to present her legal arguments to the court in the form of a post-trial memorandum. She did so, submitting a 27 page brief largely reiterating arguments she made at trial and in pre-trial motions.
 
 
 13
 The language of the tax court opinion suggests, but we are unable to be certain, that the sanction was imposed specifically because the court found the post-trial memorandum to be frivolous. If this is so, then we cannot sustain the sanction, because the court repeatedly invited Ikeda to file the memorandum, knowing that it would contain many of the legal arguments previously rejected. A different question entirely, on the other hand, would be presented if the tax court judge intended to sanction Ikeda for the totality of her conduct before, during, and after trial. Because the opinion does not make sufficiently clear the basis for the sanctions imposed, we therefore vacate the $10,000 penalty and remand the case for further proceedings in accordance with this disposition.
 
 
 14
 AFFIRMED in part, VACATED AND REMANDED in part.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Ikeda does not in so many words appeal the sanction under Sec. 6673, we find that the quoted language, together with references to Sec. 6673 in her briefs, suffice to preserve the issue on appeal
 
 
 [2]
 26 U.S.C. Sec. 6673(a)(1) provides in part:
 (1) Whenever it appears to the Tax Court that--
 (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
 (B) the taxpayer's position in such proceeding is frivolous or groundless, ...
 the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.