T.C. Memo. 1996-412


UNITED STATES TAX COURT


ANTHONY MARTINEZ II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10823-94.                    Filed September 12, 1996.


<u>Steven K. Ledbetter</u>, for petitioner.

<u>Michele F. Leichtman</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated March 22, 1994, respondent determined the following deficiencies, additions, and accuracy-related penalties with respect to petitioner's Federal income tax:

| Year | Deficiency | Addition To Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a)[1] |
|------|-----------|------------------------------|------------------------|
| 1990 | $7,168 | $1,400 | $1,243 |
| 1991 | 3,049 | 17 | 610 |

[1] Respondent appears to have miscalculated this penalty. Twenty percent of the $7,168 deficiency is $1,434.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are as follows:

1. Whether petitioner, pursuant to section 165(f), is entitled to a deduction for losses purportedly incurred in connection with a gas station and a minimarket business. We hold that he is not.

2. Whether petitioner, pursuant to section 1244, is entitled to a deduction for losses relating to stock he purportedly owned in Three Del Rey, Inc. We hold that he is not.

3. Whether petitioner, pursuant to section 6651(a), is liable for additions to tax for failure to file his 1990 and 1991 Federal income tax returns in a timely manner. We hold that he is.

4. Whether petitioner, pursuant to section 6662(a), is liable for accuracy-related penalties. We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts is incorporated by this reference. Petitioner resided in Long Beach, California, at the time he filed his petition.

I. Purported Acquisition of Gas Station and Minimarket

On June 7, 1989, petitioner signed an agreement with Glendale Federal Savings and Loan Association (the Agreement). The Agreement modified the terms of an escrow arrangement previously entered into by petitioner. Petitioner did not submit documents relating to the earlier arrangement. The Agreement pertained to petitioner's proposed acquisition from Israel and Sonya Dakar of a gas station and minimarket (the Business) located at 2990 Pacific Avenue in Long Beach, California. The Agreement indicated that petitioner was to purchase the Business but that the Dakars would retain ownership of the physical premises on which the Business was located. The Agreement further indicated that petitioner had deposited $10,000 in an escrow account, planned to deposit an additional $140,000 in the account, and would execute a $175,000 promissory note and security agreement obligating him to make monthly payments to the Dakars. Petitioner did not submit documentary evidence to establish that he ultimately transferred the funds in the escrow account to the Dakars or that he purchased the Business.

II.  Rental Payments

In June of 1989, petitioner began operating the Business and paying rent of $5,000 per month to the Dakars.  In November of 1989, petitioner failed to make the required rent payment.  In December of 1989, he paid the November rent but failed to make the December rent payment.  As a result, the Dakars filed an unlawful detainer complaint against him in the Municipal Court of Long Beach, California.  On March 26, 1990, the court entered a default judgment against petitioner and issued a writ of possession to the Dakars with respect to the property.

III.  Three Del Rey, Inc.

On December 21, 1988, Steven K. Ledbetter, petitioner's attorney in this proceeding, filed with the California secretary of state's office articles of incorporation for "R/C JET SPECIALTIES, INC.".  Petitioner's name did not appear on the document.  The articles indicated that the corporation was formed "to engage in any lawful act or activity for which a corporation may be organized" under California law.  It also indicated that the corporation was authorized to issue 10,000 shares of stock. The corporation, however, never issued any stock, nor did it elect any directors.

On March 28, 1989, Mr. Ledbetter filed an amendment to the articles of incorporation changing the corporation's name to "Three Del Rey, Inc." (the Corporation).  The Corporation filed a

Federal income tax return for the 1989 tax year that reported sales of $707,231 and a net loss of $159,139. Petitioner did not sign the return but was designated on it as the Corporation's "tax matters person".

IV. Petitioner's 1990 and 1991 Tax Returns

Petitioner filed both his 1990 and 1991 Federal income tax returns after the due date. His 1990 return was signed on January 15, 1992, and received by respondent on February 14, 1992. His 1991 return was signed on April 27, 1992, and received by respondent on April 29, 1992.

On his returns, petitioner reported that he owed no tax in either 1990 or 1991. He reached this result by offsetting his income with the Corporation's net operating losses. Respondent disallowed petitioner's use of the Corporation's losses on the ground that the Corporation had not made a valid subchapter S election, and as a result, the Corporation's losses did not pass through to its shareholders.

Petitioner ultimately conceded that he was not entitled to deduct the losses of the Corporation on his 1990 and 1991 individual income tax returns. He claims, however, that he was entitled to deduct losses that more than offset his tax liability for those years.

OPINION

Petitioner bears the burden of proof with respect to each of the four issues to be decided by this Court. Rule 142(a); see New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

I. Capital Loss Deduction

Petitioner claims that he invested $152,000 in the Business, that he lost all of his investment, and that he therefore is entitled to deduct $152,000 as a capital loss pursuant to section 165(f).

Petitioner does not advance a plausible theory, however, to explain why he is entitled to a capital loss deduction. Petitioner did not produce any documentary evidence to establish that he invested $152,000. He did not present a contract or closing agreement relating to his alleged purchase of the Business. He did not present any canceled checks, receipts, or other documentary evidence of a transfer of funds. He did not produce any books or records detailing the operations of the Corporation, nor did he produce any business licenses. In short, petitioner has failed to meet his burden of proof.

In an attempt to substantiate his eligibility for a deduction, petitioner submitted several pages of amended escrow instructions and a copy of the unlawful detainer complaint filed against him by Israel Dakar in the Municipal Court of Long Beach,

California.  Neither document, however, is sufficient to satisfy petitioner's burden of proof.

The existence of an escrow agreement merely shows that, at one point in time, property was held by a third party for purposes of transfer to another upon the performance of specified conditions.  See Cal. Civ. Code sec. 1057 (West 1982).  Unless and until the conditions are satisfied, legal title does not pass to the grantee.

Petitioner claims that Mr. Dakar's unlawful detainer complaint against him substantiates his investment in the Business.  In fact, the unlawful detainer complaint proves merely that petitioner defaulted on an obligation to pay $5,000 in monthly rent to Mr. Dakar.  It describes neither the nature nor the amount of petitioner's investment in the Business.

Petitioner has presented sufficient evidence to lead us to believe that he operated the Business, but he has not presented sufficient evidence regarding the nature of his ownership interest or the amount of his investment to justify a capital loss deduction.  Therefore, we reject petitioner's claim that he is entitled to such a deduction.

II.  Stock Loss Deduction

Petitioner claims that he is entitled to a $1,500 stock loss deduction pursuant to section 1244.  We disagree.

As discussed above, petitioner bears the burden of proving that he is entitled to deductions and therefore must provide sufficient evidence to substantiate his claims.  In cases where shareholders of a corporation may seek to claim stock loss deductions pursuant to section 1244, the corporation should maintain records indicating "The persons to whom stock was issued, the date of issuance to these persons, and a description of the amount and type of consideration received from each". Sec. 1.1244(e)-1(a)(2)(i), Income Tax Regs.

Petitioner has submitted no evidence that the Corporation ever issued stock.  In fact, the Amendment to the Certificate of Incorporation, dated March 17, 1989, expressly states that "The corporation has issued no shares."[1]  Even if the Court were to find that stock had been issued, however, petitioner has not substantiated the amount of money or the basis of any property he transferred to the Corporation in exchange for such stock.

Therefore, we reject petitioner's claim that he is entitled to a stock loss deduction pursuant to section 1244.

III.  Additions to Tax Under Section 6651(a)(1)

---

[1] Petitioner claims that he owned 75 percent of the stock of the Corporation.  His statements regarding ownership of the other 25 percent of the stock, however, have not been a model of clarity.  When asked at trial who owned the remaining 25 percent, he replied:  "[M]y second brother [owned] 10 percent, and my third brother [owned] five percent -- or 20 percent."  By contrast, the Corporation's 1989 Federal income tax return indicated that one person, not two, owned the remaining 25-percent interest in the Corporation.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proving that his failure to file a timely return was reasonable. Rule 142(a); <u>Larsen v. Commissioner</u>, 765 F.2d 939, 941 (9th Cir. 1985).

Petitioner did not request an extension of time to file either his 1990 or 1991 Federal income tax return, and both returns were filed after the due date. His 1990 return was signed on January 15, 1992 (i.e., 9 months after the due date) and received by respondent on February 14, 1992. His 1991 return was signed on April 27, 1992 (i.e., 12 days after the due date) and received by respondent on April 29, 1992. Petitioner did not argue that his failure to file timely returns was reasonable.

Therefore, we conclude that petitioner is liable for additions to tax pursuant to section 6651(a)(1).

IV. <u>Accuracy-Related Penalties Under Section 6662(a)</u>

Section 6662(a) imposes an accuracy-related penalty of 20 percent of any underpayment attributable to negligence or disregard of rules or regulations. Negligence is defined as the failure to exercise the care that a reasonable and ordinarily prudent person would exercise under the circumstances. <u>Allen v.</u>

<u>Commissioner</u>, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).

In the present case, petitioner claimed large net operating losses of the Corporation that eliminated his tax liability in both 1990 and 1991.  Petitioner acknowledges, however, that he was not entitled to deduct the losses of the Corporation, because the Corporation had not filed a valid subchapter S election.  In claiming the Corporation's losses as deductions on his individual income tax returns, petitioner was negligent in failing to follow the provisions of the Internal Revenue Code.

Therefore, we conclude that petitioner is liable for accuracy-related penalties pursuant to section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.