Warner M. **LARSEN,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–7628.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1985.

Decided July 15, 1985.

Peter R. Stromer, Los Gatos, Cal., for petitioner-appellant.

Dept. of Justice, Lisa Prager, Washington, D.C., for respondent-appellee.

Before GOODWIN and BRUNETTI, Circuit Judges, and STEPHENS *, District Judge.

PER CURIAM.

Taxpayer appeals from an order of the Tax Court which dismissed his petition for redetermination of a tax deficiency. We affirm and impose sanctions.

Taxpayer filed a petition in the Tax Court challenging the Commissioner's disallowance of taxpayer's claimed charitable contributions to the Universal Life Church, Inc., a qualified donee organization under the Internal Revenue Code. 26 U.S.C. § 170. The Commissioner claimed that the alleged contributions were a tax avoidance scheme designed to insulate taxpayer's income from tax while using the income allegedly contributed to the Church for personal living expenses. The Commissioner further sought damages of $5,000 pursuant to 26 U.S.C. § 6673, asserting that taxpayer's petition was frivolous and filed for the purpose of delay.

In the Tax Court proceeding, the taxpayer refused to sign a stipulation, to specify his objections to the Commissioner's proposed stipulation, or to offer his own proposed stipulation, as required by Tax Court Rule 91. After taxpayer also refused to comply with a subpoena duces tecum for documents supporting the alleged contribution, the Commissioner moved for dismissal for failure to prosecute. In a brief oral hearing, the Tax Court granted the Commissioner's motion, sustained the tax deficiency and additions to tax determined by the Commissioner, see 26 U.S.C. § 6651, and imposed the maximum statutory damages against the taxpayer of $5,000 pursuant to § 6673. See Tax Court Rule 123.

■ Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case. Tax Court Rule 147(b) authorizes the issuance of a subpoena duces tecum. Taxpayer's refusal to comply with a subpoena for documentary evidence is a violation of Rule 147(e). Because the taxpayer refused to comply with its rules, the Tax Court properly exercised its discretion in dismissing the petition under Rule 123. *See McCoy v. C.I.R.,* 696 F.2d 1234, 1236 (9th Cir.1983).

■ The Tax Court may impose a penalty on a taxpayer for maintaining a proceeding primarily for delay or for bringing an action which is frivolous and groundless. 26 U.S.C. § 6673. Taxpayer argues that the penalty provision is unconstitutional because it infringes upon his right to petition the government for redress of grievances. This argument is frivolous. The right to petition protected by the First Amendment does not include the right to maintain groundless proceedings. *See Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). The taxpayer was warned, both in this proceeding and in earlier disputes with the Commissioner, that a penalty would be assessed for bringing frivolous challenges. Given taxpayer's refusal to prosecute his petition properly and the consistency with which courts have rejected similar legal challenges, the Tax Court did not abuse its discretion in assessing a penalty. *See Hall v. C.I.R.,* 729 F.2d 632, 635 (9th Cir.1984).

■ Once the Commissioner has determined that additions to tax should be imposed, those additions are presumptively correct. The taxpayer has the burden of proving his lack of negligence under 26 U.S.C. § 6673. *See Hall v. C.I.R.,* 729 F.2d at 635. This court has routinely affirmed the placing of this burden on the taxpayer. *Id.,* and cases cited therein.

■ Taxpayer argues that, because it is not an Article III court, the Tax Court cannot have jurisdiction over constitutional questions. Because the Tax Court did not rule on the substance of taxpayer's petition but dismissed his petition for failure to

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

prosecute, that court did not reach any constitutional questions. Furthermore, taxpayer's argument that Article I courts cannot consider constitutional issues is groundless; we have often upheld Tax Court decisions which were based on a constitutional inquiry. *See, e.g., McCoy,* 696 F.2d at 1236; *Edwards v. C.I.R.,* 680 F.2d 1268, 1270 (9th Cir.1982).

 This court finds taxpayer's arguments and appeal to be frivolous. *See Kalgaard v. C.I.R.,* 764 F.2d 1322, at 1324 (9th Cir.1985). Under Fed.R.App.P. 38, this court has frequently imposed sanctions for frivolous appeals. *See Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984); *McCoy,* 696 F.2d at 1237; *Edwards,* 680 F.2d at 1271. Both the taxpayer and his attorney should have known this case to be frivolous. As in *Kalgaard,* therefore, we impose double costs and award the Commissioner $1,000 in attorney's fees, taxpayer and his counsel being jointly and severally liable.

Affirmed.