995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary O. ARMSTRONG, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70517.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary O. Armstrong appeals pro se the tax court's dismissal for failure to prosecute of his petition for redetermination of income tax deficiencies for tax years 1987 and 1988. We review for abuse of discretion, Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988), and we affirm.
 
 BACKGROUND
 
 3
 On November 13, 1990, Armstrong, represented by counsel, filed a petition in the United States Tax Court disputing the Commissioner of Internal Revenue's determination of income tax deficiencies and imposition of additions to tax. He alleged that the Commissioner improperly disallowed ordinary and necessary expenses associated with his photography business. He also challenged the authority of the Internal Revenue Service to audit his return and the constitutionality of income tax collection. The Commissioner filed an answer denying the material allegations of the petition.
 
 
 4
 On July 11, 1991, Armstrong filed a pro se motion to withdraw his petition from the tax court on the ground that he is not a person within the meaning of the Internal Revenue Code. The tax court denied the motion.
 
 
 5
 The tax court issued a notice setting the case for trial on March 16, 1992. The notice contained a warning that the failure to stipulate to all nonprivileged matters or the failure to appear for trial may result in dismissal of the petition.
 
 
 6
 Neither Armstrong nor his counsel appeared for trial. The Commissioner orally moved to dismiss the petition for failure to prosecute. In support of the motion, the Commissioner stated that Armstrong's counsel failed to attend a pretrial conference and failed to provide substantiation for the matters raised in Armstrong's petition in accordance with his representations during a rescheduled conference. The tax court granted the Commissioner's motion and upheld the determination of income tax deficiencies and additions to tax.
 
 DISCUSSION
 
 7
 The tax court may dismiss a petition and enter a decision in the Commissioner's favor upon a petitioner's failure to prosecute or to comply with the tax court's rules or orders. Tax Ct.R. 123(b); Noli, 860 F.2d at 1527. "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 8
 Pursuant to Tax Ct.R. 91, the parties must "stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam). Pursuant to Tax Ct.R. 149, a petitioner's failure to appear for trial or to present evidence on an issue as to which the petitioner bears the burden of proof may result in the dismissal of the petition.
 
 
 9
 Here, Armstrong failed to present evidence to sustain his burden of showing that the Commissioner's determinations were incorrect, failed to enter into a stipulation of facts, and failed to appear for trial. Armstrong's contention that his counsel did not inform him of the trial date does not excuse his failure to appear or send a representative.[1] See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). Because Armstrong failed to comply with the Tax Court's rules and failed to appear for trial, the Tax Court properly exercised its discretion in dismissing his petition. See Noli, 860 F.2d at 1527.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Armstrong contends that he dismissed his counsel prior to the trial date. Pursuant to Tax Ct.R. 24(c), counsel desiring to withdraw or a party desiring to withdraw the appearance of counsel must file a motion with the Tax Court. There is no evidence in the record that such a motion was ever filed