62 F.3d 1424
 76 A.F.T.R.2d 95-5946, 95-2 USTC P 50,472
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Parviz KARIM-PANAHI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70783.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Parviz Karim-Panahi appeals pro se the tax court's dismissal for failure to prosecute his action seeking to challenge the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for the tax years 1988 and 1989. Karim-Panahi also challenges the Commissioner's assessment of additions to tax under 26 U.S.C. Sec. 6651(a)(1) and Sec. 6653(a)(1) and penalties under 26 U.S.C. Sec. 6662(a). We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir. 1988). We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 Karim-Panahi contends that the tax court abused its discretion by dismissing his petition for lack of prosecution. This contention lacks merit.
 
 
 4
 Tax Court Rule 123(b) provides that the tax court may dismiss a petition for failure to (1) prosecute properly, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct. R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987).
 
 
 5
 On January 28, 1992, the Commissioner sent Karim-Panahi a statutory notice of deficiency, determining a deficiency in his income tax for the tax year 1988 in the amount of $2,164.00, plus a late-filing penalty in the amount of $2.89 and a negligence penalty in the amount of $108.20. On April 6, 1992, the Commissioner sent Karim-Panahi a notice of deficiency for the tax year 1989, in the amount of $6,048.00, plus an accuracy penalty in the amount of $1,209.60. The Commissioner issued the notices of deficiency because Karim-Panahi failed to substantiate various business expense deductions he claimed on his income tax returns.
 
 
 6
 On March 9, 1992, Karim-Panahi filed his petition for redetermination. An amended petition was filed on April 27, 1992. The tax court issued a notice setting the matter for trial on March 8, 1993. The notice warned the parties that failure to appear on that date could result in dismissal of the case and entry of a decision against the party failing to appear. The parties also were instructed to stipulate to all undisputed facts pursuant to Tax Ct. R. 91. Additionally, the tax court warned the parties that failure to cooperate in stipulating to facts and documents would result in dismissal and an adverse decision.
 
 
 7
 Proceedings were delayed because on February 23, 1993, Karim-Panahi filed a bankruptcy petition. The tax court stayed proceedings pursuant to 11 U.S.C. Sec. 362(a)(8). The stay was lifted on August 11, 1993, after the tax court received notice of Karim-Panahi's bankruptcy discharge. On September 17, 1993, the tax court set the matter for trial on January 18, 1994. Following Karim-Panahi's failure to appear on this date, the tax court recalled the case on January 20, 1994.[1] Karim-Panahi appeared, but failed to present any evidence in support of his position. He merely accused the Commissioner of using the tax system for political reasons.[2] The tax court continued the matter until March 7, 1994.
 
 
 8
 At the March 7, 1994 hearing, the tax court refused to grant Karim-Panahi's request to continue the case for another six weeks. The court noted Karim-Panahi's failure to move this matter to trial and its intent to take Karim-Panahi's testimony to determine "what this case is all about." The tax court continued the trial session until March 15, 1994. At the March 15, 1994 hearing, the tax court inquired whether Karim-Panahi was prepared to proceed to trial and provide testimony with respect to the issues he was attempting to raise in his petition. The tax court questioned Karim-Panahi repeatedly, but he failed to provide any responsive testimony to these questions. The Commissioner orally moved for dismissal for lack of prosecution. The tax court took this motion under advisement and later granted the motion in an order entered on August 22, 1994.
 
 
 9
 Karim-Panahi failed to enter into a stipulation of facts as required by Tax Ct. R. 91. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam) ("Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case.") He also refused the tax court's numerous requests to testify on his own behalf so the tax court could determine the basis of his petition. Additionally, he presented no evidence to sustain his burden of showing that the Commissioner's deficiency determinations were incorrect. See Roat, 847 F.2d at 1383 (holding that the Commissioner's deficiency determinations are presumptively correct and that the taxpayer bears the burden to produce evidence showing that the Commissioner's determination is incorrect). Based on this record, we cannot say that the tax court abused its discretion by dismissing Karim-Panahi's case under Tax Ct. R. 123(b). See Noli, 860 F.2d at 1527.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Karim-Panahi states that he failed to appear at the January 18, 1994 trial date because the Northridge earthquake occurred on January 17, 1994
 
 
 [2]
 Karim-Panahi claims that he is the target of illegal activities conducted by the Central Intelligence Agency, the Internal Revenue Service, and other government agencies. His accusations fail to address the issue before the tax court of whether his business expense deductions were substantiated