T.C. Memo. 2000-26

UNITED STATES TAX COURT

RUSSELL S. GREENE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15225-98.                Filed January 21, 2000.

P, maintaining that income tax could not constitutionally be imposed on his earnings, did not file income tax returns for the taxable years 1992 through 1996. R determined deficiencies for individual income taxes and self-employment taxes attributable to compensation, interest, dividends, and capital gain received by P.  R further determined an addition to tax under sec. 6651(a), I.R.C., for failure to file.
      <u>Held</u>:  P is subject to Federal income tax statutes and is liable for the deficiencies determined by R.
      <u>Held</u>, <u>further</u>, P is liable for the sec. 6651(a), I.R.C., delinquency addition to tax for failure to file.
      <u>Held</u>, <u>further</u>, on the Court's own motion, P is liable for a penalty in the amount of $1,000, pursuant to sec. 6673(a), I.R.C., for asserting a frivolous and groundless position in this proceeding.

Russell S. Greene, pro se.

Mark A. Weiner, for respondent.


MEMORANDUM OPINION


NIMS, Judge:  Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes for the taxable years 1992 through 1996:

| Taxable Year | Income Tax Deficiency | Addition to Tax Sec. 6651(a)(1) |
|---|---|---|
| 1992 | $4,494 | $1,020 |
| 1993 | 3,757 | 730 |
| 1994 | 9,079 | 2,180 |
| 1995 | 7,764 | 1,914 |
| 1996 | 7,121 | 1,378 |

After concessions, the issues remaining for decision are:

(1) Whether petitioner failed to report income from wages, nonemployee compensation, interest, dividends, and capital gain upon which petitioner is liable for individual Federal income taxes;

(2) whether petitioner is liable for self-employment taxes pursuant to section 1401 on income earned in the form of nonemployee compensation; and

(3) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to timely file income tax returns for the taxable years 1992 through 1996.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted fully stipulated, and the facts are so found. The stipulations of the parties, with accompanying exhibit, are incorporated herein by this reference.

## Background

Russell S. Greene resided in Oxnard, California, at the time of filing his petition in this case. Petitioner maintains that he is not subject to Federal income taxes. He did not file tax returns for the taxable years 1992, 1993, 1994, 1995, and 1996. He stipulated, however, to having received income from the following sources, in the amounts and of the types stated:

| Payor & (Type) of Income | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|
| Ventura County Shuttle, Inc. (wages) | $6,712 | $5,291 | $308 | | |
| Survival Systems Staffing Center (wages) | | 9,134 | 35,976 | | |
| St. Bernarine of Siena Church (wages) | | 600 | 1,800 | $1,000 | |
| Sandra Jo Ann Nickerson (wages) | | | | 21,249 | $25,943 |
| Padre Serra Parish (nonemployee compensation) | 2,955 | | | | |
| St. Maximilian Kolbe Church (nonemployee compensation) | | 1,600 | 5,585 | 8,000 | 9,540 |
| Patrick McDonald, Paddy Music (nonemployee compensation) | | | | 850 | |

| | | | | |
|---|---|---|---|---|
| St. Judes Catholic Church (nonemployee compensation) | | | 2,900 | |
| Chesne Boren Music (nonemployee compensation) | | | 850 | |
| Bank of America (interest) | 18 | | | |
| Atlantic Financial Federal Savings Bank (interest) | 33 | | | |
| Jobee Development Company (dividend) | | 1,125 | 800 | 2,250 | 1,012 |
| Marvin Goodson, Alvin Duras - Co-Trustees (capital gain) | 916 | | | |

The amounts listed above as wages and nonemployee compensation were paid to petitioner in consideration of contractual services performed by him. The amounts identified as interest, dividend, and capital gain were likewise received by petitioner as personal earnings.

## Discussion

Petitioner contends that Federal income tax statutes, including sections 1, 3, 61, and 1401, may not constitutionally be applied to a private independent contractor or citizen such as himself. He argues that to subject persons who are not employees of a Government-created or -sanctioned entity to the tax laws both contravenes the language of the statutes and constitutes a violation of due process. He additionally claims that, because he is contesting the power to tax rather than the amount of tax, the burden of proof in this matter should rest upon respondent.

Conversely, respondent asserts that income received by petitioner is taxable pursuant to the explicit terms of the Internal Revenue Code. Respondent further contends that petitioner's constitutional arguments are without merit, and, as petitioner has presented no other evidence rebutting the determinations made by respondent, the deficiencies and additions to tax should be sustained.

We agree with respondent that the Federal income tax statutes are properly applicable to petitioner. We therefore conclude that petitioner is liable for the deficiencies as determined by respondent and that petitioner's failure to file income tax returns justifies imposing the delinquency addition to tax.

As a threshold matter, we observe that petitioner's efforts to shift the burden of proof to respondent on constitutional grounds are meritless. The burden of proof rests on the taxpayer, except in certain situations not relevant here. See Rule 142(a). Furthermore, this burden of proof has been uniformly applied, regardless of whether the taxpayer's arguments addressed the amount or the constitutionality of the tax. See, e.g., Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985); Abrams v. Commissioner, 82 T.C. 403, 405 (1984); Kish v.

Commissioner, T.C. Memo. 1998-16; Minguske v. Commissioner, T.C. Memo. 1997-573; Frami v. Commissioner, T.C. Memo. 1997-509; Fisher v. Commissioner, T.C. Memo. 1996-277.

As a general rule, sections 1 and 3 impose a Federal tax on the taxable income of every individual. Section 61(a) defines gross income for purposes of calculating such taxable income as "all income from whatever source derived" and specifies that compensation for services, gains from dealings in property, interest, and dividends are included within this broad definition. See sec. 61(a)(1), (3), (4), (7).

Section 1401 then imposes an additional tax on the self-employment income of every individual, both for old age, survivors, and disability insurance and for hospital insurance. The term "self-employment income" denotes "net earnings from self-employment". Sec. 1402(b). "Net earnings from self-employment", in turn, means "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Sec. 1402(a).

Petitioner contends that private independent contractors and citizens are not properly included within the meaning of "individual" or "person" as used in the tax code and that to treat them as such contravenes the principles of due process. In petitioner's view, only employees of Government-created or

Government-sanctioned entities may constitutionally be subjected to individual income tax. Under petitioner's theory, the prohibited disparity results from taxing those whose income derives in some way from a legislatively authorized entity in the same manner as those who do not receive a similar benefit.

This Court has repeatedly held taxpayers to be liable for taxes on income accruing from self-employment, sole proprietorship, or nonemployee activities, despite the tax protester rhetoric advanced in contending for the opposite result. See, e.g., Kish v. Commissioner, supra; Minguske v. Commissioner, supra; Frami v. Commissioner, supra; Fisher v. Commissioner, supra. Arguments by such individuals that they do not hold the status of "taxpayer" or "person" within the meaning of the Internal Revenue Code have been summarily dismissed as well. See, e.g., Kish v. Commissioner, supra; Fisher v. Commissioner, supra.

Petitioner's position is untenable. Since petitioner has offered no further evidence establishing that respondent's determinations are erroneous, we hold that petitioner is liable for the deficiencies as determined by respondent.

In addition, section 6651(a) provides, in relevant part, as follows:

SEC. 6651.  FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure--

(1) to file any return required under authority of subchapter A of chapter 61 * * * , on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

The Supreme Court has characterized the foregoing section as imposing a civil penalty to ensure timely filing of tax returns and as placing on the taxpayer "the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause'", in order to escape the penalty.  United States v. Boyle, 469 U.S. 241, 245 (1985).  "Willful neglect" denotes "a conscious, intentional failure or reckless indifference."  Id.  "Reasonable cause" correlates to "ordinary business care and prudence".  Id. at 246 & n.4; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Here, petitioner did not file tax returns in 1992, 1993, 1994, 1995, or 1996.  Furthermore, he has offered no reason for

this failure to file other than his belief that income tax could not constitutionally be imposed on his earnings.  In light of the extensive authority rejecting similar arguments, we conclude that petitioner's failure to file was not due to reasonable cause.  We therefore hold that petitioner is liable for the section 6651(a) delinquency addition to tax.

Finally, section 6673(a) authorizes this Court to impose a penalty on its own motion and reads in pertinent part:

SEC.  6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

On this record, we find that petitioner's position is frivolous and groundless.  The body of case law unequivocally upholding the constitutionality of the income tax statues and

rejecting countless tax protester challenges thereto leaves petitioner's contentions without merit or support.  Accordingly, a penalty is awarded to the United States in the amount of $1,000.

To reflect the foregoing,

Decision will be entered under Rule 155.