NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO P. PATACSIL; MARILYN E. PATACSIL, | No. 17-72785 |
| Petitioners-Appellants, | Tax Ct. No. 28715-15 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Ernesto P. Patacsil and Marilyn E. Patacsil appeal from the Tax Court's

order dismissing for failure to prosecute their petition challenging the

Commissioner of Internal Revenue's determination of tax deficiency for tax years

2010 through 2012.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the Tax Court's dismissal for failure to prosecute. *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988). We affirm.

The Tax Court did not abuse its discretion by dismissing the Patacsils' petition for failure to prosecute because the Patacsils failed to appear for trial or provide any valid excuse for their absence. *See id.* (noting that "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial"); *see also* T.C. R. 123(a), (b) (Tax Court may dismiss a case and enter a decision against a petitioner where the petitioner fails properly to prosecute or fails to proceed as required by the Tax Court); T.C. R. 149(a) (Tax Court may dismiss a case for failure properly to prosecute where the petitioner's absence from trial is unexcused); *Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (Tax Court has discretion to dismiss a petition for failure to comply with Tax Court Rules).

We reject as meritless the Patacsils' contention that the Tax Court judge was biased against them.

**AFFIRMED.**