**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARI LAKE; MARK FINCHEM, | No. 23-16023 |
| *Plaintiffs*, | D.C. No. 2:22-cv-00677-JJT |
| and | |
| ALAN M. DERSHOWITZ, Counsel for Plaintiffs, | OPINION |
| *Appellant*, | |
| v. | |
| BILL GATES, as a member of the Maricopa County Board of Supervisors; CLINT HICKMAN, as a member of the Maricopa County Board of Supervisors; JACK SELLERS, as a member of the Maricopa County Board of Supervisors; THOMAS GALVIN, as a member of the Maricopa County Board of Supervisors; STEVE GALLARDO, as a member of the Maricopa County Board of Supervisors, | |
| *Defendants-Appellees*, | |

and

ADRIAN FONTES, Arizona Secretary
of State; MARICOPA COUNTY
BOARD OF SUPERVISORS; REX
SCOTT, as a member of the Pima
County Board of Supervisors; MATT
HEINZ, as a member of the Pima
County Board of Supervisors;
SHARON BRONSON, as a member
of the Pima County Board of
Supervisors; STEVE CHRISTY, as a
member of the Pima County Board of
Supervisors; ADELITA GRIJALVA,
as a member of the Pima County
Board of Supervisors; PIMA
COUNTY BOARD OF
SUPERVISORS,

*Defendants*.

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted September 11, 2024
San Francisco, California

Filed March 14, 2025

Before:  Kim McLane Wardlaw, Ronald M. Gould, and
Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Gould;
Concurrence by Judge Bumatay

## SUMMARY[*]

### Attorney Sanctions

The panel affirmed the district court's holding that of-counsel attorneys may be sanctioned under Fed. R. Civ. P. 11, but reversed the district court's imposition of sanctions on of-counsel attorney for plaintiffs, Alan Dershowitz, in a case concerning Arizona's voting system.

The panel affirmed the district court's holding that of-counsel attorneys may be sanctioned under Rule 11 if they sign a pleading without a reasonable basis to believe that the pleadings are not frivolous and are based on facts. The panel rejected Dershowitz's contention that the district court's imposition of sanctions violated the First Amendment. The district court did not impose sanctions for the improper purpose of silencing speech, but for the permitted reason of deterring frivolous actions. The First Amendment does not prohibit sanctions in this case.

Nevertheless, because this court has not previously clearly articulated the rule that of-counsel attorneys may be sanctioned under Rule 11, the panel declined to give its holding retroactive effect. It therefore reversed the imposition of sanctions in this case.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Concurring in the judgment only, Judge Bumatay wrote that as a textual matter Rule 11 permits different levels of accountability for different attorneys in a case. So, when an attorney designates himself as "of counsel" on a filing to expressly signal his limited, specialized role in the filing, what's reasonable in that circumstance may differ from what's reasonable for the "attorney of record" or those attorneys responsible for the filing. To encourage the participation of specialized attorneys and to improve the quality of advocacy in the courts, the panel should have adopted a rule that recognizes the circumscribed role that some attorneys with subject-matter expertise may play in litigation.

**COUNSEL**

Dennis I. Wilenchik (argued), John D. Wilenchik, and Garo Moughalian, Wilenchik & Bartness PC, Phoenix, Arizona, for Plaintiffs-Appellants.

Emily M. Craiger (argued), The Burgess Law Group LLC, Phoenix, Arizona; Joseph J. Branco, Assistant Counsel, Office of the Arizona Attorney General, Phoenix, Arizona; Sean M. Moore, Joseph E. La Rue, and Thomas P. Liddy, Deputy County Attorneys, Civil Services Division; Rachel H. Mitchell, Maricopa County Attorney; Maricopa County Attorney's Office, Phoenix, Arizona; for Defendants-Appellees.

Gary Apfel, Troutman Pepper Locke LLP, Los Angeles, California, for Amicus Curiae Aleph Institute.

# OPINION

GOULD, Circuit Judge:

"Of counsel" attorney for Plaintiffs, Alan Dershowitz, appeals the district court's award of sanctions under Federal Rule of Civil Procedure 11. This case presents a novel question for this circuit: whether and to what extent "of counsel" attorneys are liable for sanctions under Rule 11. We conclude that "of counsel" attorneys may be held liable for sanctions under Rule 11 for signing a frivolous complaint. But because this case poses a question of first impression, we decline to give this rule retroactive effect, but will apply this rule to all attorney "of counsel" designations made after publication of this opinion.

## BACKGROUND

The underlying dispute here concerns Arizona's voting system. Plaintiffs filed a complaint in Arizona district court alleging that Arizona's current voting system, which contains electronic elements, insufficiently protects the rights of Arizona voters and must be replaced by a system using exclusively hand-counted paper ballots. The district court dismissed the operative complaint for lack of Article III standing, and we affirmed. *Lake v. Fontes*, 83 F.4th 1199, 1204 (9th Cir. 2023) (per curiam). We recount the procedural history as relevant to our decision.

Plaintiffs filed their first amended complaint ("FAC") on May 4, 2022. Dershowitz signed the amended complaint as "Of Counsel for Plaintiffs Kari Lake and Mark Finchem." On May 20, 2022, Counsel for the Maricopa County Board of Supervisors defendants notified Dershowitz of their intention to seek both dismissal of the complaint and Rule 11

sanctions.  Dershowitz did not reply.  In May and June of 2022, the parties held two telephonic conferences regarding the possibility of sanctions, and  Dershowitz was present for at least one of these conferences.

On June 7, 2022, Defendants moved to dismiss. Plaintiffs filed a motion for preliminary injunction the next day.  Dershowitz and lead attorneys for Plaintiffs signed the motion for preliminary injunction as "Counsel for Plaintiffs Kari Lake and Mark Finchem."

On July 18, 2022, Defendants served Plaintiffs' attorneys with the proposed motion for sanctions. Dershowitz did not respond.  On August 10, 2022, Defendants filed their motion requesting sanctions pursuant to Rule 11 and 28 U.S.C. § 1927.  On August 24, 2022, Plaintiffs filed their opposition to Defendants' motion for sanctions, which listed Andrew Parker, Kurt Olsen, and Alan M. Dershowitz as "Attorneys for Plaintiffs" on the first page, and which all three attorneys signed on the last page as "Attorneys for Plaintiffs."

The district court granted Defendants' motion to dismiss and denied as moot Plaintiffs' motion for preliminary injunction on August 26, 2022.  On December 1, 2022, the district court granted Defendants' motion for sanctions and ordered the parties to file memoranda regarding the proper amount of attorneys' fees.

On December 15, 2022, Defendants filed their application for attorneys' fees.  On December 29, 2022, Dershowitz filed his response to Maricopa County's application for attorneys' fees and a motion for an order to show cause "as to why an award of sanctions should be entered against Mr. Dershowitz personally or his consulting firm."  On May 24, 2023, the district court held oral

argument on Defendants' application for attorneys' fees and an evidentiary hearing on Dershowitz's application for an order to show cause. During this hearing, Dershowitz characterized his signatures as "counsel" instead of as "of counsel" as "a mistake," and he testified that his principal contribution to the FAC was paragraph eight. On July 14, 2023, the district court issued its order granting in part and denying in part Defendants' application for attorneys' fees, granting in part and denying in part the relief requested in Dershowitz's application for order to show cause, and staying the obligation to pay the fees pending resolution of all appeals. The district court's order held Parker, Olsen, and their law firms jointly and severally liable for $122,200.00, and held Dershowitz jointly and severally liable for $12,220.00, ten percent of the total fee award.

Lead attorneys appealed the award of sanctions in the related matter, *Lake v. Gates*, No. 23-16022. Dershowitz separately and timely appealed.

## DISCUSSION

Although the substantive claim in this matter was dismissed for lack of standing, federal courts maintain jurisdiction over "collateral issues after an action is no longer pending," including costs, attorneys' fees, or sanctions, because such motions "are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015).

## I.   Rule 11 Sanctions

Rule 11(b) states that, by "signing, filing, submitting or later advocating" for a "pleading, written motion, or other paper," an attorney certifies that:

> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).  A complaint that does not comply with any one of these requirements gives grounds for monetary sanctions.  *See* Fed. R. Civ. P. 11(c); *see also Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002).

In an opinion filed immediately before this opinion, we held in the related case *Lake v. Gates*, No. 23-16022, that the FAC contained false and misleading statements in violation of Rule 11.  The only question left before us in this separate and related appeal is whether Dershowitz is subject to sanction as a lawyer who signed a pleading as "of counsel." The liability of "of counsel" attorneys under Rule 11 is a novel question for this circuit, and one that our Appellate court has not previously addressed.  But before addressing

that question, we first turn to Dershowitz's arguments based on the First Amendment and but-for causation.

## II. Whether the imposition of sanctions violates the First Amendment

Dershowitz first contends that the district court's imposition of sanctions violates the First Amendment by targeting a specific viewpoint or subsection of speech. As the Supreme Court has held, "[i]t is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed." *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1071 (1991). And we have held that "the right to petition protected by the First Amendment does not include the right to maintain groundless proceedings." *Larsen v. C.I.R.*, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam). Having reviewed the district court's order, we hold that the district court did not impose sanctions for the improper purpose of silencing speech, but for the permitted reason of deterring frivolous actions. *Cooter & Gell*, 496 U.S. at 393. The First Amendment does not prohibit sanctions in this case.

## III. Whether Dershowitz was the but-for cause of Defendants' damages

Next, Dershowitz contends that Rule 11 sanctions against him are inappropriate because the district court did not and cannot demonstrate that "but for" his actions, the Defendants would have incurred expenses. Dershowitz posits that "the same fees awarded would have been incurred regardless of anything Dershowitz did" because the Defendants would have incurred the same legal fees regardless of Dershowitz's involvement. This contention relies upon the Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). In that case,

the Court held that there must be a "causal link" "between the litigant's misbehavior and legal fees paid by the opposing party." *Goodyear*, 581 U.S. at 108. "That kind of causal connection . . . is appropriately framed as a but-for test: The complaining party . . . may recover only the portion of his fees that he would not have paid but for the misconduct." *Id.* at 109 (citation and quotation marks omitted).

The district court here analyzed the defendants' requested fees and reduced the fee award to only the fees demonstrated by the defendants to have been reasonably incurred during litigation. The district court already applied a but-for test in determining what the defendants "would not have paid but for the misconduct." *See Goodyear*, 581 U.S. at 109 (citation and quotation marks omitted). However, Dershowitz asks this Court to go one step further and require that the court determine attorney-by-attorney who caused specific fees. Given that opposing counsel has no way of knowing who wrote which parts of a given brief, in order to keep adequate records to recover attorneys' fees, litigants would need to maintain billing records specifying the topic of their work to an unreasonable level of granularity—in this case, down to each paragraph of the FAC. Because such a requirement as a precondition to applying for attorneys' fees would be impractical and in some cases would not be feasible, we decline to adopt this heightened causation analysis.

## IV. Whether "of counsel" attorneys may be sanctioned under Rule 11

Finally, Dershowitz contends that he should be exempt from sanctions because of his limited, "of counsel" role. That is the novel issue before us, as our Circuit has never

addressed the question of "of counsel" liability for sanctions on pleadings signed in that capacity. Dershowitz contends that Rule 11 has limited application to "of counsel" attorneys. He also claims that, even if Rule 11 could apply to "of counsel" attorneys, Dershowitz cannot be liable because he did not personally engage in sanctionable behavior. Defendants disagree and contend that the plain language of Rule 11 includes all attorneys who sign the pleadings.

The Supreme Court has held that courts are to "interpret Rule 11 according to its plain meaning." *Cooter & Gell*, 496 U.S. at 391. Courts may also consider the history and purpose of the rule in their analysis. *Id.* at 392–93. The text of Rule 11 requires that "every pleading . . . be signed by at least one attorney of record[.]" Fed. R. Civ. P. 11(a). By signing a pleading, the attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading is not "presented for any improper purpose," the claims are not frivolous, "the factual contentions have evidentiary support," and "the denials of factual contentions are warranted." Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 393.

Dershowitz contends that "the text [of the Rule] merely requires, and its purposes are met, by holding 'of counsel' responsible only for those matters within the scope of their intended work." Dershowitz states that he only worked on paragraph eight of the FAC. Because that paragraph deals primarily with general principles of constitutional law and because Dershowitz claims he did not contribute to the

factual sections, Dershowitz contends that he did not engage in any sanctionable conduct.

But Dershowitz's reading of Rule 11 contravenes the clear text of the Rule.  *See* Fed. R. Civ. P. 11.  Every attorney who presents a "pleading, written motion, or other paper" to the court, "whether by *signing*, filing, submitting, or later advocating it," certifies compliance with the enumerated requirements.  Fed. R. Civ.  P. 11(b) (emphasis added). Though Dershowitz's limited role may impact what inquiry is "reasonable under the circumstances," nothing in the text of the Rule indicates that appearing as "of counsel" relieves Dershowitz of the important responsibility of lawyers signing documents to perform a reasonable investigation of the facts.  *See id.*  As explained in greater detail in *Lake v. Gates*, No. 23-16022, the unsupported allegations in this matter went to the heart of plaintiffs' claims.  Dershowitz could have easily discovered the faults in plaintiffs' pleadings if he had conducted any investigation at all. Indeed, when a widely known and respected lawyer in Dershowitz's position[1] signs onto a pleading, it can have an impact on the decision-maker and that means counsel's attestation is all the more important.  Though Dershowitz argues that any investigation would be too onerous for "of counsel" attorneys and would, thus, deter "of counsel" engagement, his argument does not persuade us for two reasons:  First, in each and every case, society benefits from an attorney's endorsement of a pleading by their signature,

---

[1] Alan Dershowitz came to great fame in connection with his role on the so-called "Dream Team" defending Defendant O.J. Simpson in a widely viewed murder trial that played out on national T.V. throughout the United States.  The case was *People of the State of California v. Orenthal James Simpson*, and the televised trial took place between January and October of 1995, before many reading this opinion were born.

essentially because that signature means the attorney has performed a reasonable investigation under the circumstances and is representing that the pleading's allegations are not frivolous and that there is a basis for facts alleged. Second, although in this case Dershowitz's signature as "of counsel" could demand a lesser investigation than that of the lead counsel, a lawyer's signature should not be added to a pleading for credibility unless that lawyer has made an investigation reasonable in the total circumstances. Instead, holding "of counsel" attorneys responsible for a reasonable level of investigation under the totality of circumstances will support the purpose of Rule 11 by discouraging experienced attorneys from lending their credibility to frivolous suits. We hold that "of counsel" attorneys may be held liable for sanctions under Rule 11 if they sign a pleading without a reasonable basis to believe the pleadings are not frivolous and are based on facts. *See also King v. Whitmer*, 71 F.4th 511 (6th Cir. 2023).

But because the liability of "of counsel" attorneys was not clearly stated in our previous case law, we decline to hold Dershowitz personally liable in this action. We reverse the district court's imposition of sanctions in this instance, because we have determined that our rule holding "of counsel" lawyers liable for signing pleadings should not be applied retroactively to signatures on pleadings made before the publication of this opinion. Dershowitz, and other lawyers who are members of any bar association, however, are advised that we will apply our rule in the Ninth Circuit to any signed pleadings after the date of publication of this opinion.

## CONCLUSION

We affirm the district court's holding that of-counsel attorneys may be sanctioned under Rule 11 for signing frivolous complaints. But because the court has not clearly articulated this rule before, we decline to give our holding retroactive effect and reverse the imposition of sanctions in this case.

**AFFIRMED IN PART AND REVERSED IN PART.**

---

BUMATAY, Circuit Judge, concurring in the judgment only:

This case is an important one for the legal profession. Do we adopt a one-size-fits-all approach to sanctioning attorneys who sign pleadings or other filings containing false or misleading statements? Under that approach, *all* attorneys listed on a filing will face sanctions for any false or misleading statement in the filing—regardless of their lack of participation in the falsity.[1] Or do we take a more nuanced approach, one that looks beyond the mere fact of a signature on the filing to sanction attorneys? That approach considers the attorney's actual contributions to the misleading or false filings when the attorney expressly announces a limited role in the litigation.

---

[1] To be clear, as my dissent in *Kari Lake v. Bill Gates*, No. 23-16022, makes clear, no attorney engaged in sanctionable conduct in this case. In this concurrence, I accept the premise that the filing here contained false or misleading statements only to show that specialized attorneys who do not contribute to the falsity should not be sanctioned under Federal Rule of Civil Procedure 11.

Federal Rule of Civil Procedure 11 provides the answer. It requires attorneys to certify the accuracy of a filing only to the "best" of their *"*knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). So Rule 11 is one of reasonableness—requiring an examination of the particular "circumstances." In turn, Rule 11 limits sanctions to those who "violated the rule or [are] responsible for the violation." *Id.* 11(c)(1). So Rule 11 also requires personal responsibility for any falsity.

As a textual matter then, Rule 11 permits different levels of accountability for different attorneys in a case. So when an attorney designates himself as "of counsel" on a filing to expressly signal his limited, specialized role in the filing, what's reasonable in that circumstance may differ from what's reasonable for the "attorney of record" or those attorneys responsible for the filing. *See id.* 11(a). And Rule 11 doesn't support a bright-line sanctions rule holding *every* attorney—even those with no part in the violation—accountable for every line of the filing. *See id.* 11(c)(1). But that is the rule the majority follows. Going forward, any attorney who signs a court filing is now liable for its entire contents—no matter how minimal their participation and regardless of whether they had any role in making a misleading or false statement.

To encourage the participation of specialized attorneys and to improve the quality of advocacy in our courts, we should have adopted a rule that recognizes the circumscribed role that some attorneys with subject-matter expertise may play in litigation. After all, such attorneys, like Professor Alan Dershowitz here, often don't control the litigation. They may not come from big law firms with the capacity to throw a handful of associates into a full-blown factual investigation of every statement in a filing. Nor do they

dictate the nature of the claims sought.  And they likely can't force the other attorneys to withdraw or amend filings.[2]

Instead, specialized attorneys may offer expertise in a discrete area, benefiting the parties, the court, and, ultimately, the rule of law.  Take Professor Dershowitz here. He's a recognized expert on the First Amendment.  He has mostly retired from practicing law and teaching and at times consults on legal and constitutional issues.  His role here was limited to advising on issues related to the First Amendment. He was paid for no more than four hours of work, had no input on the decision to bring suit, and wasn't retained to conduct any factual development.  Professor Dershowitz's sole contribution?  Drafting a single paragraph—one of 211 in the complaint—that discussed whether private companies performing critical government functions could resist discovery.  That issue had nothing to do with what the district court found false or misleading: whether the complaint improperly suggested that Arizona doesn't use paper ballots.[3]

---

[2] In contrast, law firms are held responsible for the misleading or false filings of their employees precisely because they can control their attorneys' actions.  *See* Fed. R. Civ. P. 11(c)(1); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[I]t is appropriate that the law firm ordinarily be viewed as jointly responsible under established principles of agency.").

[3] In this way, specialized attorneys are more like local counsel, who are often not held to the same level of accountability as other attorneys. *See* Abigail Abide, *An Inquiry Reasonable Under the Circumstances: Applying Rule 11 to Local Counsel*, 85 Miss. L. J. 1649, 11 (2017) ("Some courts have tried to resolve the tension between the requirements of Rule 11 and the reality of the role of local counsel by refusing to engage in any analysis of local counsel's actions."); *Gabriel Techs.*

To be sure, "of counsels" and other specialized attorneys are not immune from Rule 11 sanctions. The "of counsel" designation is no shield. But it does signal that these attorneys should be held accountable only for their own contributions. Given that they are generally brought into the litigation for a limited purpose, it makes sense that their liability for sanctions only extends to their actual participation.

Holding specialized attorneys vicariously liable for the work of other attorneys may hurt the legal profession and litigants. The majority's sanctions regime will discourage experienced lawyers from providing limited, expert contributions to court filings. Why should they put their reputations and careers on the line when they must now assume liability for work they did not oversee? Rather than improving the quality of filings, the majority's interpretation of Rule 11 risks depriving the legal community of valuable expertise from professors, retired judges, and other subject-matter experts. Access to courts will suffer too. Now the price of litigation will rise when only lawyers with resources to conduct full-blown pre-filing inquiries can enter the fray.

---

*Corp. v. Qualcomm Inc.*, No. 08-CV-1992, 2013 WL 410103, at *12 (S.D. Cal. Feb. 1, 2013) ("[T]he reasonable inquiry required for local counsel under Rule 11 may not be the same as that required for lead counsel in many situations."); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 103 F.R.D. 124, 125 n.1 (N.D. Cal. 1984) (Without "indication of active participation in the preparation or decision to file a paper by local counsel . . . it does not seem appropriate to subject them to sanctions other than criticism for their apparent neglect."); *De la Fuente v. DCI Telecomms., Inc.*, 269 F. Supp. 2d 229, 233 (S.D.N.Y. 2003) (concluding that it would be unreasonable to impose sanctions on "local liaison counsel" because the firm's role was "essentially administrative").

And for what purpose?  It's hard to see what sanctioning Professor Dershowitz would accomplish here when other attorneys are already bearing the consequences for the supposedly misleading statements in the complaint.  Nothing in Rule 11's text supports it.  Nor does it serve Rule 11's deterrence purpose—Professor Dershowitz had no decision-making authority over the contents of the complaint, aside from that one innocuous paragraph.  So the majority's rule will not stop a single baseless filing.  Instead, it appears designed to punish and deter lawyers like Professor Dershowitz from participating in disfavored litigation.

It didn't need to be this way.  We should have adopted a rule that evaluates the actual participation and authority of "of counsels" and other specialized attorneys when determining sanctions.  Consider how the Sixth Circuit handled this issue.  *See King v. Whitmer*, 71 F.4th 511, 531 (6th Cir. 2023).  In another election-dispute case, the district court sanctioned an attorney listed as "of counsel" in a complaint declared frivolous even though she did not sign it.  *Id.* at 518–19.  The Sixth Circuit reversed the sanctions because it was clear "she played only a minimal role in the litigation." *Id.* at 531.  She didn't draft the complaint or any other frivolous filing.  *Id.*  The Sixth Circuit criticized the district court for sanctioning the attorney "more as a matter of form than as a matter of real responsibility." *Id.*  True, the "of counsel" in that case didn't sign the complaint, unlike here.  But the salient point is that the Sixth Circuit focused on the attorney's *actual* responsibility rather than just the "form" of the filings.  The Sixth Circuit also examined whether an attorney "lacked . . . authority" over the litigation in imposing sanctions.  *Id.*  In the case, the district court sanctioned another attorney in part for her personally declining the defendants' request to voluntarily dismiss the

alleged frivolous complaint. *Id.* But the Sixth Circuit reversed the sanctions because the attorney had no authority to agree to a voluntary dismissal. *Id.* The lesson from the Sixth Circuit is thus two-fold—we must consider both the attorney's "real responsibility" and "lack [of] authority" when deciding whether Rule 11 sanctions apply. *Id.* Evaluating those factors here, no sanction was appropriate for Professor Dershowitz.

I appreciate that the majority decides to make its new rule prospective only and reverses the sanctions order against Professor Dershowitz. But because the text of Rule 11 doesn't support the majority's categorical rule, I concur in the judgment only.