**Mark Christopher CORCORAN; Nancy Louise Corcoran, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 02–71577.

T.C. No. 2947–01.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Nov. 12, 2002.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

**MEMORANDUM ***

The Corcorans appeal the Tax Court's determination of an income tax deficiency and the imposition of penalties and sanctions. They argue that income earned by United States citizens within the United States is not "gross income" subject to federal taxation. Specifically, they contend that wages, unemployment compensation, and interest that they received are not sources of taxable income. Such an argument has no basis in the tax code and is legally frivolous. Gross income is defined "very broadly as 'all income from whatever source derived.'" *See Coady v.*

*Commissioner,* 213 F.3d 1187, 1190 (9th Cir.2000) (quoting 26 U.S.C. § 61(a)).

There is also no merit to taxpayers' contentions that they were denied their administrative due process rights or that their notice of deficiency is invalid. *See Wilcox v. Commissioner,* 848 F.2d 1007, 1008 (9th Cir.1988) ("[F]ailing to provide a taxpayer with an administrative fact finding hearing does not violate due process."); *Kantor v. Commissioner,* 998 F.2d 1514, 1521 (9th Cir.1993) ("[W]e will not look behind a deficiency notice to question the ... procedures leading to a determination.") (internal quotation omitted).

Finally, we affirm the imposition of sanctions. The Tax Court is entitled to "impose a penalty on a taxpayer for maintaining a proceeding primarily for delay or for bringing an action which is frivolous and groundless." *See Larsen v. Commissioner,* 765 F.2d 939, 941 (9th Cir.1985).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellants' request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.