**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRI ANN BREST-TAYLOR, | No. 18-70195 |
| Petitioner-Appellant, | Tax Ct. No. 27476-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Terri Ann Brest-Taylor appeals pro se from the Tax Court's order dismissing

for failure to prosecute her petition challenging the Commissioner of Internal

Revenue's determination of tax deficiency for tax years 2009 and 2010. We have

jurisdiction under 26 U.S.C. § 7482(a)(1). We review for an abuse of discretion

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Tax Court's dismissal for failure to prosecute. *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988). We affirm.

The Tax Court did not abuse its discretion by dismissing Brest-Taylor's petition for failure to prosecute because Brest-Taylor failed to appear for trial or provide any valid excuse for her absence. *See id.* (noting that "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial"); *see also* T.C. R. 123(a), (b) (Tax Court may dismiss a case and enter a decision against a petitioner where the petitioner fails properly to prosecute or fails to proceed as required by the Tax Court); T.C. R. 149(a) (Tax Court may dismiss a case for failure properly to prosecute where the petitioner's absence from trial is unexcused); *Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (Tax Court has discretion to dismiss a petition for failure to comply with Tax Court Rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Brest-Taylor's motion for appointment of counsel (Docket Entry No. 24) is denied.

**AFFIRMED.**

18-70195