**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY R. LOHSE, | No. 19-71546 |
| Petitioner-Appellant, | Tax Ct. No. 11487-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM * |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Gary R. Lohse appeals pro se the Tax Court's order dismissing for failure to

prosecute his petition challenging the Commissioner of Internal Revenue's

determination of a tax deficiency for the 2014 tax year.  We have jurisdiction under

26 U.S.C. § 7482(a)(1).  We review for an abuse of discretion.  *Noli v. Comm'r*,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

860 F.2d 1521, 1527 (9th Cir. 1988).  We affirm.

The Tax Court did not abuse its discretion by dismissing Lohse's action for failure to prosecute because Lohse refused to stipulate to facts as required by Tax Ct. R. 91(a)(1), failed to contest any specific adjustments in the Commissioner's notice of deficiency, and failed to submit any evidence of his income or deductions for the 2014 tax year.  *See* Tax Ct. R. 123 (authorizing the Tax Court to dismiss a case "[f]or failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient"); *Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (affirming the Tax Court's dismissal for failure to prosecute where the taxpayer refused to stipulate as required by Rule 91).

We reject as unsupported by the record Lohse's contention that the Tax Court lacked jurisdiction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lohse's request for judicial notice, set forth in the opening brief, is denied.

**AFFIRMED.**